UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LM GENERAL INSURANCE COMPANY
and LIBERTY MUTUAL INSURANCE COMPANY,

    Plaintiffs,

vs.                                   Case No.:

JESSICA M. BLACKWELL,

    Defendant.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

    Plaintiffs, LM General Insurance Company ("LM General") and Liberty Mutual Insurance Company ("Liberty Mutual") file this Complaint for Declaratory Relief against Defendant, Jessica M. Blackwell.

## JURISDICTION

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

3. There is complete diversity of citizenship.

4. Pursuant to 28 U.S.C. § 1332(c)(1), LM General is a company organized under the laws of the State of Illinois and for federal court jurisdiction/diversity of citizenship disclosure purposes, the principal place

of business is 175 Berkeley Street, Boston, Massachusetts. Thus, LM General is a citizen of Illinois and Massachusetts.

5. Pursuant to 28 U.S.C. § 1332(c)(1), Liberty Mutual is a company organized under the laws of the State of Massachusetts. and for federal court jurisdiction/diversity of citizenship disclosure purposes, the principal place of business is 175 Berkeley Street, Boston, Massachusetts. Thus, Liberty Mutual is a citizen of Massachusetts.

6. Jessica M. Blackwell is a citizen of Florida.

7. Venue is proper because this action arises out of a motor vehicle accident that occurred in Hillsborough County, Florida.

## THE INSURANCE POLICY

8. LM General issued insurance policy number AOS-258-106778-40 4 0 to Jessica M. Blackwell for the policy period of April 1, 2014 through April 1, 2015.

9. The insurance policy provided uninsured/underinsured motorist ("UM") coverage in the amounts of $100,000 per person and $300,000 per accident.

10. Liberty Mutual did not issue an insurance policy to Jessica M. Blackwell that provided UM coverage.

## THE INSURANCE CLAIM

11. On May 12, 2014, Jessica M. Blackwell was involved in a motor vehicle accident in Tampa, Florida.

12. Jessica M. Blackwell settled with the other party and made a claim for UM benefits to LM General.

13. On March 31, 2015, Jessica M. Blackwell filed a Civil Remedy Notice of Insurer Violation, which identified the Authorized Insurer as, and was filed against, Liberty Mutual. **Ex. A.**

14. LM General responded to the Civil Remedy Notice. The response stated, among other things, that the Civil Remedy Notice was defective because it was filed against an entity that did not issue the insurance policy. Specifically, and in pertinent part, it said:

> The following is LM General Insurance Company's response to the above-referenced first party Civil Remedy Notice. LM General notes the subject Civil Remedy Notice is defective in that it identifies the insurer as Liberty Mutual Insurance Company. LM General insures the Complainant under an automobile policy that provides uninsured/underinsured motorist coverage with policy limits of $100,000 per person, $300,000 per occurrence, nonstacked.

**Ex. A.**

15. Jessica M. Blackwell has not filed any other Civil Remedy Notice against either LM General or Liberty Mutual.

16. On January 7, 2016, LM General tendered $4,500 of the $100,000 UM limit to Jessica M. Blackwell. Ms. Blackwell accepted this tender and the check has cleared.

17. On November 15, 2017, LM General tendered the remaining $95,500 of the UM limit to Jessica M. Blackwell.

18. On December 4, 2017, Jessica M. Blackwell, through her attorney, returned the check for $95,500. She marked the check: "P/A did not agree to a settlement and not accepting the late tender." **Ex. B.**

19. On January 31, 2018, LM General again tendered the remaining $95,500 of the UM limit.

20. On February 21, 2018, Jessica M. Blackwell, through her attorney, again returned the check marked void. **Ex. C.**

21. On November 29, 2019, LM General again tendered the remaining $95,500 of the UM limit.

22. Jessica M. Blackwell has not accepted the UM limit.

## LITIGATION

23. On February 12, 2016, Jessica M. Blackwell filed suit against LM General. The complaint contains a single count seeking UM benefits. Liberty Mutual is not a party to this lawsuit.

24. A plaintiff in a lawsuit for UM benefits cannot recover more than the applicable UM coverage limits. *Nationwide Mut. Fire Ins. Co. v. Voigt*, 971 So. 2d 239, 241 (Fla. 2d DCA 2008).

25. A plaintiff can recover in excess of the applicable UM coverage limit only in a statutory cause of action for bad faith under Florida Statute § 624.155. *Citizens Prop. Ins. Corp. v. Manor House, LLC*, 313 So. 3d 579, 583-84 (Fla. 2021).

26. Jessica M. Blackwell refused to accept the multiple tenders of the UM limits.

27. This has caused LM General Insurance Company to incur costs and expense to defend the UM lawsuit. To date, Liberty Mutual Insurance Company has incurred in excess of $75,000 in attorney fees and costs defending the UM lawsuit and anticipates incurring in excess of $75,000 in additional defense fees and costs if the case proceeds to trial.

28. Jessica M. Blackwell asserts that she is entitled to recover in excess of the UM limit. She has demanded in excess of $1,000,000.

29. Recently, Jessica M. Blackwell proposed to settle the pending lawsuit with Liberty Mutual for $10,000,000. However, Liberty Mutual is not a party to this lawsuit.

30. The issues presented in this declaratory judgment complaint are not at issue in, and will not be resolved by, the pending UM lawsuit.

## DISPUTE

31. A Civil Remedy Notice of Insurer Violation is a condition precedent to any recovery against a first-party insurer in excess of the applicable coverage limit. Florida Statute § 624.155(3).

32. An insured cannot recover extra-contractual damages or in excess of the stated coverage limit against a first-party insurer unless the plaintiff has filed a valid Civil Remedy Notice. *Bollinger v. State Farm Mut. Auto. Ins. Co.*, 538 Fed. Appx. 857 (11th Cir. 2013); *Julien v. United Prop. & Cas. Ins. Co.*, 311 So. 3d 875 (Fla. 4th DCA 2021).

33. A Civil Remedy Notice must be filed against "the authorized insurer."

Florida Statute § 624.155(3)(a).

34. Jessica M. Blackwell has filed a Civil Remedy Notice against Liberty Mutual. However, Liberty Mutual did not issue the subject insurance policy to Jessica M. Blackwell. Liberty Mutual cannot and does not owe contractual or extra-contractual damages to Jessica M. Blackwell because it has no contractual relationship with her. *See Sandalwood Estates Homeowner's Ass'n, Inc. v. Empire Indem. Ins. Co.*, 665 F. Supp. 2d 1355, 1360 (S.D. Fla. 2009) ("Without that contractual relationship, an action for statutory bad faith cannot lie.").

35. However, Jessica M. Blackwell has proposed to settle with Liberty Mutual for $10,000,000.

36. Jessica M. Blackwell did not file a Civil Remedy Notice against LM General.

37. A Civil Remedy Notice filed against Liberty Mutual does not give rise or satisfy the condition precedent to a claim for extra-contractual damages against LM General. *Bay v. United Services Auto. Ass'n*, 305 So. 3d 294, 299 (Fla. 4th DCA 2020); *Sandalwood Estates Homeowner's Ass'n, Inc. v. Empire Indem. Ins. Co.*, 665 F. Supp. 2d 1355, 1361 (S.D. Fla. 2009); *Lopez v. Geico Cas. Co.*, 968 F. Supp. 2d 1202, 1209 (S.D. Fla. 2013).

38. LM General advised Jessica M. Blackwell that the Civil Remedy Notice was defective because it was filed against an entity that did not issue the subject insurance policy.

39. However, Jessica M. Blackwell disputes this assertion and continues to

pursue claims against LM General even though it has on several occasions tendered its UM limit to Jessica M. Blackwell, which represents the most she can recover under the insurance policy.

40. A dispute exists between Jessica M. Blackwell and Liberty Mutual because:

   a. Jessica M. Blackwell appears to believe that Liberty Mutual issued the subject insurance policy.  Liberty Mutual maintains it has no contractual relationship with respect to UM coverage with Jessica M. Blackwell.

   b. Jessica M. Blackwell has proposed to settle with Liberty Mutual for $10,000,000.  Liberty Mutual maintains it does not owe any money to Jessica M. Blackwell, contractual or extra-contractual, because Liberty Mutual does not insure Jessica M. Blackwell for UM coverage.

   c. Jessica M. Blackwell filed a Civil Remedy Notice naming Liberty Mutual as the "authorized insurer." Liberty Mutual maintains it is not the "authorized insurer" because it does not insure Jessica M. Blackwell for UM coverage.

41. A dispute exists between Jessica M. Blackwell and LM General because:

   a. Jessica M. Blackwell refuses to accept the UM limit under the policy issued by LM General contending she is entitled to recover extra-contractual damages from LM General.  LM General maintains that the UM limit represents the maximum amount LM General owes to Jessica M. Blackwell.

b. Jessica M. Blackwell appears to take the position that a Civil Remedy Notice filed against Liberty Mutual satisfies the requirements of Florida Statute § 624.155(3) for a claim against LM General. LM General maintains that a Civil Remedy Notice filed against Liberty Mutual does not satisfy the requirements of Florida Statute § 624.155(3) for a claim against LM General.

42. An actual, present controversy exists between Jessica M. Blackwell and Liberty Mutual.

43. An actual, present controversy exists between Jessica M. Blackwell and LM General.

44. A declaratory judgment would serve a useful purpose in settling the parties' legal obligations and would afford relief from the uncertainty, insecurity, and controversy giving rise to the proceedings.

45. A declaratory judgment in favor of LM General and Liberty Mutual would render the underlying UM case moot, likely ending all controversy between the parties. This would save LM General the cost and expense of defending through trial the UM lawsuit.

46. A declaratory judgment in favor of Jessica M. Blackwell would alert LM General and/or Liberty Mutual of potential exposure in excess of the UM limit.

WHEREFORE, Liberty Mutual requests:

  A. A declaration that Jessica M. Blackwell is not insured by Liberty Mutual for UM coverage relating to the May 12, 2014, motor vehicle accident.

  B. A declaration that absent this contractual relationship, Liberty Mutual does not owe UM coverage or any other insurance coverage to Jessica M. Blackwell relating to the May 12, 2014, motor vehicle accident.

  C. A declaration that absent this contractual relationship, Liberty Mutual is not and cannot be liable for extra-contractual damages, including under Florida Statute § 624.155, relating to the May 12, 2014, motor vehicle accident.

  D. A declaration that Liberty Mutual is not the "authorized insurer" under Florida Statute § 624.155(3)(a) relating to the May 12, 2014, motor vehicle accident.

  E. Such other and further relief as to which the Court deems appropriate.

WHEREFORE, LM General requests:

  A. A declaration that Jessica M. Blackwell did not file a Civil Remedy Notice against LM General.

  B. A declaration that Civil Remedy Notice with filing number 282751 filed against Liberty Mutual was not filed against LM General.

    C.    A declaration that Civil Remedy Notice with filing number 282751 filed against Liberty Mutual does not satisfy the requirements of Florida Statute § 624.155(3) for a claim against LM General.

    D.    Such other and further relief as to which the Court deems appropriate.

## DEMAND FOR JURY TRIAL

To the extent triable issues exist, Plaintiffs request a jury trial.

Dated August 3, 2022.

        BUTLER WEIHMULLER KATZ CRAIG LLP

        /s/ Matthew J. Lavisky
        MATTHEW J. LAVISKY, ESQ.
        Florida Bar No.: 48109
        mlavisky@butler.legal
        400 N. Ashley Drive, Suite 2300
        Tampa, Florida 33602
        Telephone: (813) 281-1900
        Facsimile: (813) 281-0900
        *Counsel for Plaintiffs*