UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LM GENERAL INSURANCE
COMPANY, and LIBERTY
MUTUAL INSURANCE COMPANY,

    Plaintiffs,

v.                                                                  Case No. 8:22-cv-1750-CPT

JESSICA BLACKWELL,

    Defendant.
_____/

**O R D E R**

Before the Court is Defendant Jessica M. Blackwell's *Amended Motion for Entitlement to Attorney's Fees*. (Doc. 31). Upon careful review of the parties' submissions and for the reasons set forth below, Blackwell's motion is denied.

I.

This diversity action stems from an insurance policy issued by Plaintiff LM General Insurance Company (LM General) to Blackwell for the period of April 1, 2014, through April 1, 2015. (Doc. 31-1). As pertinent here, the policy provided Blackwell with uninsured/underinsured motorist (UM) coverage in the amount of $100,000 per person. *Id.*

In May 2014, Blackwell was in an automobile accident with an underinsured motorist. (Doc. 1 at 2–3). Blackwell settled with the driver and lodged a claim for her UM benefits with LM General. *Id.* at 3. LM General, however, refused to tender the entire $100,000 policy limit. (Doc. 31 at 2).

In March 2015, Blackwell pursued the matter further by filing a Civil Remedy Notice of Insurer Violation (CRN) pursuant to Florida Statute § 624.155. (Doc. 1-2). In short, this statutory scheme requires an insured to file a CRN specifying an alleged bad faith violation by an insurer as a condition precedent to later bringing a bad faith claim against that entity. Fla. Stat. § 624.155(3)(a). The insurer then has sixty days to cure the purported violation referenced in the CRN. Fla. Stat. § 624.155(3)(c).

Blackwell's CRN, however, identified her insurer as Plaintiff Liberty Mutual Insurance Company (Liberty Mutual) instead of LM General.[1] (Doc. 1-2). Citing this discrepancy, LM General responded to the CRN by stating that it was defective. *Id.* LM General also explained that it valued Blackwell's claim at $1,000 and sent a check to Blackwell's attorney for that amount. *Id.* Blackwell apparently did not accept the $1,000, nor did she file another CRN against LM General. (Doc. 32 at 3).

In January 2016, LM General separately tendered $4,500 of the $100,000 UM limit to Blackwell, which Blackwell accepted. (Doc. 1 at 3). Despite doing so, Blackwell filed suit in state court against LM General the next month. (Doc. 31-2).

---

[1] Blackwell acknowledges that Liberty Mutual, which she describes as LM General's parent company, was listed on the CRN but maintains that this defect was technical in nature and did not prejudice LM General. (Doc. 31 at 3 & n.2). The Court need not address this dispute to resolve the pending motion.

In November 2017, LM General tendered the remaining $95,500 in UM coverage to Blackwell. (Doc. 1-3). Blackwell returned this check, seemingly in an attempt to secure more than the policy limit. *Id.*; (Doc. 12 at 5). LM General again proposed to pay the $95,500 UM coverage to Blackwell in January 2018, February 2018, and November 2019, but Blackwell rejected each of these offers. (Doc. 32 at 4). According to LM General, Blackwell was demanding more than $1,000,000 at the time. (Doc. 1 at 5).

In August 2022, while Blackwell's state court litigation was still pending, LM General and Liberty Mutual initiated the instant federal action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a ruling related to their respective liabilities to Blackwell. (Doc. 1). For its part, Liberty Mutual sought a declaration that it did not insure Blackwell and was therefore not responsible to her for either UM coverage or any extra-contractual damages. *Id.* LM General, on the other hand, asked the Court to declare that Blackwell did not file a proper CRN against it in accordance with the statutory requirements for bringing a bad faith lawsuit. *Id.*

Blackwell responded to LM General and Liberty Mutual's commencement of this action by moving to dismiss their complaint. (Doc. 12). Blackwell contended that the Plaintiffs' declaratory judgment request was not ripe because the underlying state court case was still pending. *Id.* Blackwell also argued that LM General had not sufficiently established the threshold amount in controversy for purposes of the diversity statute (i.e., 28 U.S.C. § 1332), and that the Court thus lacked subject matter jurisdiction over the parties' dispute. *Id.*

In September 2022, the Court granted Blackwell's motion and dismissed LM General and Liberty Mutual's complaint without prejudice. (Doc. 14). In doing so, the Court pointed to the "ongoing state court proceeding involving the claims at issue and [the fact that] any remaining claims [were] not ripe for review absent a judgment from the state court." *Id.* The Court also abstained from hearing the matter based on the Eleventh Circuit's per curiam decision in *Ameritas Variable Life Insurance Co. v. Roach*, 411 F.3d 1328 (11th Cir. 2005). *Id.*

Blackwell subsequently moved for an order declaring her entitlement to attorney's fees incurred in this action under Florida Statute § 627.428.[2] (Doc. 15). Section 627.428 provides, in relevant part, that fees shall be awarded "[u]pon the rendition of a judgment or decree" in favor of an insured and against an insurer "under a policy or contract executed by the insurer." Fla. Stat. § 627.428 (2022). LM General opposed the motion. (Doc. 16).

Not long after, the Plaintiffs filed a notice of appeal with the Eleventh Circuit challenging the Court's September 2022 Order granting Blackwell's motion to dismiss. (Doc. 17). LM General and Blackwell then settled the state court case, and Blackwell accepted the $95,500 in remaining UM benefits. (Doc. 32-1). In light of this disposition, the Plaintiffs voluntarily dismissed their appeal. (Doc. 19); (Doc. 32 at 6).

---

[2] Although the Florida Legislature repealed section 627.428 in March 2023, the repeal delineates that it only applies to cases filed after the March 2023 effective date. *See* Ch. 2023-15, § 30, Laws of Fla. ("Except as otherwise expressly provided in this act, this act shall apply to causes of action filed after the effective date of this act.").

The Court subsequently heard oral argument on Blackwell's fee motion in April 2023. (Doc. 24). The next month, however, the Eleventh Circuit issued an unpublished opinion in *Southern-Owners Ins. Co. v. Maronda Homes, Inc. of Florida*, 2023 WL 3270065 (11th Cir. May 5, 2023) (*Maronda Homes*),[3] in which the appellate court applied section 627.428 in circumstances similar to those present here. In that case, the court affirmed a district court's dismissal of two fee motions brought pursuant to section 627.428 in a declaratory judgment action which had previously been dismissed for lack of subject matter jurisdiction. *Maronda Homes*, 2023 WL 3270065, at *1. Given this newly issued and potentially persuasive authority, the Court denied Blackwell's fee motion without prejudice and instructed the parties to confer in good faith to see if they could settle their quarrel, especially since the estimated amount of fees at issue totaled only $6,000 at the time Blackwell filed her motion. (Docs. 15, 30).

The parties were unable to reach an agreement, however, leading Blackwell to renew her fee motion against LM General in the estimated amount of $19,000. (Doc. 31). The matter is therefore ripe for the Court's consideration.

II.

The resolution of Blackwell's fee motion implicates three issues, each of which is dispositive of the motion. The first is whether the Court has subject matter jurisdiction over Blackwell's fee request under section 627.428 in light of the Court's dismissal of LM General and Liberty Mutual's complaint on jurisdictional grounds;

---

[3] Unpublished decisions are not binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

the second is whether section 627.428 can be invoked in this action; and the third is whether Blackwell can satisfy the requirements of section 627.428 if that statute applies here. As set forth below, the Court finds in favor of LM General on the first question and accordingly need not answer the other two.

It is well established that "federal courts are courts of limited jurisdiction." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. ___, 139 S. Ct. 1743, 1746 (2019) (citation omitted); *see also Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 174–78, 2 L.Ed. 60 (1803) (discussing the jurisdictional limitations under Article III of the United States Constitution). It has also long been recognized that the Declaratory Judgment Act, 28 U.S.C. § 2201—under which this lawsuit was brought—"does not broaden [the] jurisdiction" of federal courts. *Gulf States Paper Corp. v. Ingram*, 811 F.2d 1464, 1467 (11th Cir. 1987) (citation omitted), *abrogated on other grounds by King v. St. Vincent's Hosp.*, 502 U.S. 215 (1991)). To the contrary, Congress restricted federal jurisdiction under the Declaratory Judgment Act "to actual controversies, in statutory recognition of the fact that federal judicial power under Article III . . . extends only to concrete 'cases or controversies.'" *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995) (citing *Tilley Lamp Co. v. Thacker*, 454 F.2d 805, 807–08 (5th Cir. 1972)).[4]

In this way, Article III confines the "jurisdiction of the federal courts to cases and controversies of sufficient concreteness to evidence a ripeness for review." *Digit.*

---

[4] The Eleventh Circuit, in its en banc decision in *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), adopted as precedent the opinions of the former Fifth Circuit rendered prior to October 1, 1981.

6

*Props., Inc. v. City of Plantation*, 121 F. 3d 586, 589 (11th Cir. 1997) (citations omitted). Accordingly, if a declaratory judgment action is not ripe, it must be dismissed for want of subject matter jurisdiction. *Id.* at 591 ("The determination of ripeness goes to whether the district court had subject matter jurisdiction to hear the case.") (internal quotation marks and citation omitted).

Once a district court determines that it lacks subject matter jurisdiction, it cannot adjudicate the merits of the claim. *Stanley v. Cent. Intel. Agency*, 639 F.2d 1146, 1157 (5th Cir. Mar. 1981). In some instances, however, a court may thereafter decide issues that are collateral to the merits. *Hyde v. Irish*, 962 F.3d 1306, 1309 (11th Cir. 2020). One such issue is an award of attorney's fees. *See, e.g., Willy v. Coastal Corp.*, 503 U.S. 131, 137–39 (1992) (determining that a district court could award sanctions under Federal Rule of Civil Procedure 11 in a case where it was later deemed to be without subject matter jurisdiction because such an order was collateral to the merits); *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 445 (9th Cir. 1992) (holding that an "award of fees pursuant to [28 U.S.C. §] 1447(c)[5] is collateral to the decision to remand," such that the "district court retained jurisdiction after the remand to entertain" a fee motion); *see also Hyde*, 962 F.3d at 1309 (describing "the imposition of costs, attorney's fees, and contempt sanctions" as collateral matters) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990)).

---

[5] Section 1447(c) states that "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

7

To resolve a fee dispute, federal courts sitting in diversity—as the Court is doing here—must apply the substantive law of the forum state and the procedural requirements set forth in federal law, as prescribed by the *Erie* doctrine. *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427 (1996) ("Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law.") (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)); *Royalty Network, Inc. v. Harris*, 756 F.3d 1351, 1357 (11th Cir. 2014) (same) (citing *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). Statutes authorizing the recovery of fees are considered substantive under *Erie*. *McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001), *modified on other grounds*, 311 F.3d 1077 (11th Cir. 2002). This includes the Florida fee-shifting statute at issue in this action—section 627.428. *See All Underwriters v. Weisberg*, 222 F.3d 1309, 1312 (11th Cir. 2000) ("[W]e hold that [section] 627.428 is substantive law for *Erie* purposes.").

Florida courts follow the common law rule that "each party is responsible for its own attorney['s] fees unless a contract or statute provides otherwise." *Price v. Tyler*, 890 So. 2d 246, 251 (Fla. 2004); *see also Int'l Fid. Ins. Co. v. Americaribe-Moriarty JV*, 906 F.3d 1329, 1335 (11th Cir. 2018) (noting that Florida law dictates that, "absent a specific statutory or contractual provision, a prevailing litigant has no general entitlement to attorney's fees") (citations omitted). As a result, fee shifting statutes like section 627.428 are "strictly construed." *Daneshpajouh v. Sage Dental Grp. of Fla., PLLC*, 2023 WL 5132835, at *9 (S.D. Fla. June 20, 2023) (quoting *Air Turbine Tech., Inc. v.*

*Quarles & Brady, LLC*, 165 So. 3d 816, 821 (Fla. Dist. Ct. App. 2015)), *report and recommendation adopted*, 2023 WL 4676002 (S.D. Fla. July 21, 2023); *see also Diaz v. Kasinsky*, 306 So. 3d 1065, 1067 (Fla. Dist. Ct. App. 2020) ("Because fee shifting contracts, statutes[,] or rules are in derogation of the common law, they must be strictly construed.") (collecting cases).  In the end, a party seeking to recoup attorney's fees under Florida law bears the burden of establishing its right to such an award.  *Army Aviation Heritage Found. & Museum, Inc. v. Buis*, 504 F. Supp. 2d 1254, 1269 (N.D. Fla. 2007) (citing *Salisbury v. Spielvogel,* 451 So. 2d 974, 975 (Fla. Dist. Ct. App. 1984)).

Turning to section 627.428, that statute provides, in pertinent part:

(1) *Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer*, the trial court . . . *shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had*. . . .

\* \* \*

(3) When so awarded, compensation or fees of the attorney shall be included in the judgment or decree rendered in the case.

Fla. Stat. § 627.428 (2022) (emphasis added).[6]  As explained by the Florida Supreme Court, the purpose of section 627.428 is "to discourage insurance companies from contesting valid claims, and to reimburse insureds for their attorney's fees incurred when they must enforce in court their contract with the insurance company." *Pepper's*

---

[6] Throughout this Order, the Court cites to the version of section 627.428 that was in effect during the time frame when the case was dismissed.

*Steel & Alloys, Inc. v. United States*, 850 So. 2d 462, 465 (Fla. 2003) (quoting *Bell v. U.S.B. Acquisition Co.*, 734 So. 2d 403, 411 n.10 (Fla. 1999)).

In its published decision in *Certain British Underwriters at Lloyds of London, England v. Jet Charter Service, Inc.*, 739 F.2d 534 (11th Cir. 1984) (*Jet Charter*), the Eleventh Circuit examined whether a fee award under section 627.428 was collateral to the action or part of the merits of the case. The plaintiff insurer in that case sought a declaration that an incident was not covered by an insurance contract. *Id.* at 534. The district court granted summary judgment for the insured and reserved jurisdiction to consider the section 627.428 fee request. *Id.* When the insurer appealed, the insured moved to dismiss the appeal, asserting that the grant of summary judgment without a fee award was not a final, appealable order. *Id.* at 535.

In addressing this issue, the Eleventh Circuit looked to whether a fee award under the statute was "similar to costs . . . or collateral to an action" as opposed to "an integral part of the merits of the case." *Id.* at 535 (quoting *Holmes v. J. Ray McDermott & Co.*, 682 F.2d 1143, 1146 (5th Cir. 1982)). And to determine which of the three categories identified in *Holmes* applied to a section 627.428 award, i.e., costs, collateral, or "an integral part of the merits," the court turned to Florida law. *Jet Charter*, 739 F.2d at 535–36.

The court found the decision in *Prudential Insurance Co. v. Lamm*, 218 So. 2d 219 (Fla. Dist. Ct. App. 1969) to be "most directly on point" because it considered a similar question in the context of whether a fee award should be included in calculating the

10

amount of a judgment for purposes of evaluating the jurisdictional limitation. *Jet Charter*, 739 F.2d at 536 (citing *Lamm*, 218 So. 2d at 219).  In *Lamm*, the court explained that fees recoverable by statute are to be regarded as "costs" only when the statute "specifically [so] provide[s]." *Lamm*, 218 So. 2d at 219.  It added that "[o]therwise, they are to be treated as an element of damages." *Id*.  The *Lamm* court derived this proposition from the Florida Supreme Court's opinion in *State ex rel. Royal Ins. Co. v. Barrs*, 99 So. 668 (Fla. 1924).  *Lamm*, 218 So. 2d at 219.

The Eleventh Circuit in *Jet Charter* applied this guidance and determined that an award of fees under section 627.428 was an "integral part of the merits." *Jet Charter*, 739 F.2d at 536.  As a result, the Eleventh Circuit deemed the summary judgment order nonfinal because the trial court reserved jurisdiction to resolve the fee award and then dismissed the appeal.  *Id.* at 534, 536.

Nearly twenty-five years later, in its unpublished decision in *Prime Insurance Syndicate, Inc. v. Soil Tech Distributors, Inc.*, 270 F. App'x 962 (11th Cir. 2008) (per curiam) (*Prime Insurance*), the Eleventh Circuit again confronted the propriety of a section 627.428 fee award.  In *Prime Insurance*, the district court dismissed an insurer's declaratory judgment complaint for lack of subject matter jurisdiction after finding that it did not satisfy the amount in controversy requirement for diversity actions.  *Prime Insurance*, 270 F. App'x at 963.  The insured subsequently filed a section 627.428 fee request predicated on its contention that it was the prevailing party.  *Id*.  The district court agreed and granted the request.  *Id*.  The insurer appealed, arguing—of import

11

here—that the district court lacked jurisdiction to award fees following the dismissal of the complaint on jurisdictional grounds and that the insured did not prevail on the merits in any event. *Id.*

The Eleventh Circuit rejected both arguments. *Id.* at 964–65. First, the court concluded based on Florida law that section 627.428 did not require an insured to succeed on the merits of a case to recoup fees under that statute. *Id.* at 964 (citing *Dawson v. Aetna Cas. & Sur. Co.*, 233 So. 2d 860, 861 (Fla. Dist. Ct. App. 1970); *Home Ins. Co. v. Drescher*, 220 So. 2d 902, 903–04 (Fla. 1969); *Arango v. United Auto Ins. Co.*, 901 So. 2d 320, 321 (Fla. Dist. Ct. App. 2005); *Leaf v. State Farm Mut. Auto. Ins. Co.*, 544 So. 2d 1049, 1050–51 (Fla. Dist. Ct. App. 1989)). The court also determined that the district court had jurisdiction to award fees pursuant to section 627.428—despite dismissing the case for lack of subject matter jurisdiction—because such a fee award was "collateral to the merits." *Id.* at 965 (citing *Willy*, 503 U.S. at 138) (other citations omitted). The court, however, did not address the contrary holding in *Jet Charter*.

The Eleventh Circuit did tackle that conflict though in its recent decision in *Maronda Homes*. *See Maronda Homes*, 2023 WL 3270065, at *1. That case was brought by an insurer seeking a declaration that its policy did not cover a defective construction claim asserted by two insureds. *Southern-Owners Ins. Co. v. Maronda Homes, Inc. of Fla.*, 2020 WL 1451684, at *1 (M.D. Fla. Mar. 25, 2020). The district court dismissed the complaint on the basis that the amount in controversy did not sufficiently establish diversity jurisdiction. *Id.* The insureds then sought section 627.428 fees, but the

12

district court sided with the insurer that it lacked subject matter jurisdiction to entertain such a fee request because it was integral to the merits. *Id.* at *1–2. In doing so, the district court relied on *Jet Charter*, noting that it respectfully disagreed with *Prime Insurance*'s holding. *Id.* at *4–5.

On appeal, the Eleventh Circuit affirmed the district court's ruling, albeit in a 2-1 decision that included three separate opinions. *Maronda Homes*, 2023 WL 3270065, at *2. Writing for the majority, Judge Branch concluded that in light of *Jet Charter*, the district court properly held that it lacked subject matter jurisdiction to consider the fee motions because the section 627.428 fee awards were integral to the merits. *Id.* at *2 (citing *Jet Charter*, 739 F.2d at 536). Judge Branch rejected the insureds' argument that *Prime Insurance* compelled a different result because *Prime Insurance* was a non-binding, unpublished decision, and the court was mandated to abide by the published *Jet Charter* opinion. *Id.* at *3 (citations omitted).

Judge Branch recognized, however, that Florida cases decided after *Jet Charter* called into question its reasoning that a section 627.428 award was integral to the merits. *Id.* at *3 n.8 (citing *Finkelstein v. N. Broward Hosp. Dist.*, 484 So. 2d 1241 (Fla. 1986); *Travelers Indem. Co. v. Hutchins*, 489 So. 2d 208 (Fla. Dist. Ct. App. 1986); *Advanced Chiropractic & Rehab. Ctr. v. United Auto. Ins. Co.*, 140 So. 3d 529 (Fla. 2014)). In *Finkelstein*, for example, the Florida Supreme Court addressed whether the trial court lacked jurisdiction to resolve a fee motion predicated on a medical malpractice

13

statute which allowed fees to a prevailing party. 484 So. 2d at 1242. The fee motion was filed after the judgment on the main claim became final. *Id.*

The Court in *Finkelstein* concluded that the trial court properly exercised its jurisdiction to award fees on the theory that the post-judgment motion was a "collateral and independent claim" over which the trial court had "continuing jurisdiction to entertain within a reasonable time." *Finkelstein*, 484 So. 2d at 1243; *see also Advanced Chiropractic*, 140 So. 3d at 536–37 (determining that a section 627.428 fee motion made six days after the district court granted a petition for writ of certiorari was timely because "the amount of attorney's fees to be awarded in such circumstances is appropriately decided after resolution of the merits of a cause of action") (citation omitted); *Hutchins*, 49 So. 2d at 209 (explaining that a default judgment was final for purposes of appeal even though the court reserved jurisdiction to award fees under section 627.428). Notably, however, Judge Branch declined to invoke the court's "discretionary authority to revisit *Jet Charter*" because the *Finkelstein*, *Advanced Chiropractic*, and *Hutchins* cases were "distinguishable" both factually and procedurally. *Maronda Homes*, 2023 WL 3270065, at *3 n.8 (citation omitted).

Judge Tjoflat specially concurred with Judge Branch's opinion, stating that he agreed with the affirmance of the district court's dismissal of the fee petitions but for different reasons. *Id.* at *4 (Tjoflat, J., special concurrence). According to Judge Tjoflat, section 627.428 did not apply given the procedural posture of the litigation. *Id.* Looking at section 627.428's plain language, Judge Tjoflat found that "[t]he defendant insureds (a) did not have a recovery and (b) did not receive a judgment or

14

decree 'under a policy or contract.'" *Id.* at *5 (quoting Fla. Stat. § 627.428(1)). Judge Tjoflat added that in his view, the court was not bound by either *Jet Charter* or *Prime Insurance* given that the district court in *Jet Charter* reached the underlying merits of the suit—unlike in *Maronda Homes*—and because *Prime Insurance* was unpublished. *Id.* at *5.

The remaining member of the panel, Judge Grant, dissented. *Id.* at *6. (Grant, J., dissent). Judge Grant took the position that *Hutchins*, *Advanced Chiropractic*, and *Finkelstein* had "cast doubt" on *Jet Charter* to such an extent that *Jet Charter* was no longer binding. *Id.* Judge Grant concluded that she would hold that section 627.428 fees were a collateral issue and would reverse the district court. *Id.* Judge Grant also disagreed with Judge Tjoflat's special concurrence on the ground that whether section 627.428 applied at all was "more properly understood as a merits question relating to the parties' attorney's fees claims, and [did] not determine the district court's jurisdiction to consider those claims in the first place." *Id.*

As a result of these three different approaches, Judge Branch included a footnote explaining that the *Maronda Homes* decision should not be published because section 627.428 had been repealed. *Id.* at *4 n.9. Judge Branch additionally observed that the court's "three opinions [were] so fractured that they would provide no actionable guidance and further complicate our law." *Id.* (citing 11th Cir. R. 36-2, I.O.P. 6 ("Opinions that the panel believes to have no precedential value are not published.")). Judge Grant agreed with this footnote in her dissent, asserting that the case should not

15

be published. *Id.* at *6 (Grant, J., dissent). Judge Tjoflat, however, maintained that the decision should be published given that "substantial disagreement among panel members almost always warrant[s] publication" and because the repeal of section 627.428 "neither overturns *Jet Charter* nor makes [the court's] discussion of it purely academic" since "litigants can and do argue about statutes through analogy to other, similar statutes and provisions." *Id.* at *4 (Tjoflat, J., special concurrence).

Indeed, as in *Maronda Homes*, this case requires the Court to decide whether it has jurisdiction to award fees to Blackwell under section 627.428 following a dismissal of the underlying declaratory judgment action for lack of jurisdiction. Blackwell contends that the Court should apply the Eleventh Circuit's rationale in *Prime Insurance* and hold that the Court retains jurisdiction to resolve Blackwell's section 627.428 fee request as a collateral issue. (Doc. 31). Blackwell likewise asks that the Court find *Jet Charter* non-binding because it relied on cases—namely, *Holmes* and *Barrs*—that have now been deemed "obsolete" and because all three opinions are "antithetical" to the Supreme Court's ruling in *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196 (1988). *Id.* at 6–7. The Court finds Blackwell's arguments unavailing.

In *Budinich*, the Supreme Court was presented with the issue of whether a decision on the merits was final and appealable pursuant to 28 U.S.C. § 1291 even where the recoverability and the amount of fees had yet to be determined. 486 U.S. at 199. In that case, the Court deemed fees under a Colorado employment law to be collateral to the merits for purposes of determining appealability. *Id.* at 200. The Court

in *Budinich* acknowledged that some courts of appeals had held that "statutes creating liability for attorney's fees can cause them to be part of the merits relief for purposes of [section] 1291." *Id.* at 201 (citations omitted). The Court then concluded, however, that as far as determining the finality of a decision is concerned, the impact of an unresolved fee issue did not turn on "the characterization of those fees by the statute or decisional law that authorizes them." *Id.*

Contrary to Blackwell's suggestion, *Budinich* did not undermine the Eleventh Circuit's reasoning in *Jet Charter* to such an extent that it is no longer binding. Rather, the Supreme Court in *Budinich* addressed the finality of a decision under a federal statute, i.e., section 1291, where fees were outstanding. *Budinich*, 486 U.S. at 199–201 (finding that "the *[section] 1291 effect* of an unresolved issue of attorney's fees for the litigation at hand should not turn upon the characterization of those fees by the statute or decisional law that authorizes them") (emphasis added). The Court's determination as to the "section 1291 effect" of how a particular law describes fees did not invalidate the Eleventh Circuit's assessment in *Jet Charter* that a section 627.428 fee award was integral to the merits.[7] *See , e.g., Maronda Homes*, 2023 WL 3270065 (Branch, J.) ("[W]e are bound to apply *Jet Charter* and must conclude that an award of attorney[']s fees under [section] 627.428 is integral to the merits.").[8]

---

[7] The district court made this same point in *Maronda Homes* in finding that *Budinich* did not affect the holding of *Jet Charter*. 2020 WL 1451684, at *3 n.6 ("*Budinich* has no bearing on *Jet Charter's* statement that a fee award under [section 627.428] is an integral part of the merits of the case, especially as *Jet Charter* cited Florida law to support its conclusion.") (quotations omitted).
[8] As an unpublished decision, the majority opinion of Judge Branch in *Maronda Homes* is not binding precedent, but it is persuasive authority for the reasons stated herein. *See* 11th Cir. R. 36-2; *see also*

17

Alternatively, Blackwell suggests that the Court should find *Jet Charter* "non-binding" based on the arguments posited by either Judge Tjoflat in his special concurrence or Judge Grant in her dissent in *Maronda Homes*. (Doc. 31 at 7–8). As described above, Judge Tjoflat deemed *Jet Charter* inapplicable because, unlike in *Jet Charter*, there was no decision on the merits in *Maronda Homes*. *See Maronda Homes*, 2023 WL 3270065, at *5 (Tjoflat, J., special concurrence). In essence, Judge Tjoflat concluded that the district court did not have subject matter jurisdiction to consider fees because the case did not actually implicate section 627.428. *See id.* ("[T]he [d]istrict [c]ourt does not have subject matter jurisdiction to consider attorney['s] fees because this case never triggered the now-defunct Florida attorney['s] fee provision."). Because the dismissal of this case likewise did not involve a merits determination, Judge Tjoflat's rationale does not support a fee award in favor of Blackwell.

As for Judge Grant's dissent, in which she asserted that Florida law had eroded the foundation upon which *Jet Charter* rests, *see Maronda Homes*, 2023 WL 3270065, at *6 (Grant, J., dissent), the Court respectfully disagrees. At the outset, Blackwell offers no analysis of the Florida case authority which—according to her—establishes that a section 627.428 fee award is collateral to the merits of the case. (Doc. 31 at 8–9). Nor does Blackwell confront Judge Branch's explanation that *Finkelstein*, 484 So. 2d 1241, *Hutchins*, 489 So. 2d 208, and *Advanced Chiropractic*, 140 So. 3d 529, are sufficiently

---

*McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1061 (11th Cir. 2022) ("[A] district court shouldn't simply cite to one of our unpublished opinions as the basis for its decision without separately determining that it is persuasive.").

"distinguishable on factual and procedural grounds" and "are too varied to constitute a definitive change in law." *Maronda Homes*, 2023 WL 3270065, at *3 n.8; *see also Maronda Homes*, 2020 WL 1451684, at *4 n.7 (finding that the Florida Supreme Court's decision in *Finkelstein* was distinguishable because it examined a medical practice statute and discussed post-judgment motions after claims had been "tried and resolved"). Indeed, there is decisional law that Blackwell's terse treatment of this issue amounts to a waiver on the matter. *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("[T]he failure to make arguments and cite authorities in support of an issue waives it."), *overruled on other grounds in part by United States v. Durham*, 795 F.3d 1329, 1330 (11th Cir. 2015); *Mendoza v. U.S. Att'y. Gen.*, 327 F.3d 1283, 1286 n.3 (11th Cir. 2003) (finding an issue to be abandoned where no argument was made) (citations omitted).

In the absence of a meaningful argument from Blackwell on this important point on which she bears the burden, *Army Aviation*, 504 F. Supp. 2d at 1269, the Court is bound to follow *Jet Charter*'s conclusion that section 627.428 fees are integral to the merits, *Jet Charter*, 739 F.2d at 536. Significantly, this approach coheres with section 627.428's plain language, which provides that fees awarded under the statute "shall be included in the judgment or decree rendered in the case." Fla. Stat. § 627.428(3) (2022). *Prime Insurance* does not persuade the Court to reach a different result.[9] As a

---

[9] Other courts have criticized *Prime Insurance*'s reasoning as well. *See, e.g., Dakota, Minn. & E. R.R. Corp. v. Schieffer*, 715 F.3d 712, 713 n.2 (8th Cir. 2013) (rejecting *Prime Insurance* because it relied on cases involving a court's jurisdiction to award sanctions under federal law, i.e., Rule 11 and [section] 1447(c)); *Torruella v. Nationstar Mortg., LLC*, 308 So. 3d 674, 678 n.4 (Fla. Dist. Ct. App. 2020)

result, the Court lacks jurisdiction to award fees under section 627.428 following its dismissal of the case for lack of subject matter jurisdiction. *See Jet Charter*, 739 F.2d at 536; *see also Maronda Homes*, 2023 WL 3270065, at *1 (affirming the district court's holding that it lacked subject matter jurisdiction to entertain fee motions because it had already dismissed the underlying action for lack of subject matter jurisdiction and proclaiming that it was "bound by [its] published opinion in *Jet Charter*").

Having determined that the Court lacks jurisdiction to enter the requested fee award, the Court need not address the remaining issues raised by Blackwell in her fee request. *See Stanley*, 639 F.2d at 1157 ("When a court must dismiss a case for lack of jurisdiction, the court should not adjudicate the merits of the claim.").

### III.

In light of all the above, Blackwell's *Amended Motion for Entitlement to Attorney's Fees* (Doc. 31) is denied.

SO ORDERED in Tampa, Florida, this 26th day of March 2024.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record

---

(observing that *Prime Insurance* "seems to conflict with [*Jet Charter*], an earlier case which *Prime [Insurance]* did not discuss," and which stated that a section 627.428 fee award is integral to the merits of the claim) (citing *Maronda Homes*, 2020 WL 1451684, at *4).